March 27.—Judge
Coalter,
delivered the opinion of the court.
The court is of opinion, that the agreement entered into between Henry Banks and John Harvie, of the 26th of April, 1800, as modified by that of July 9th, 1802, mentioned in the proceedings in this cause, in relation to the lands in Henrico county, are not to be considered as amounting to an executed lease fx'om Harvie to Banks, hut a covenant to make such lease, on Banks’s performing his part of these agreements; and that the said Banks, has not shewn himself entitled to claim a specific execution of the said contracts, in as much as he has failed to perform his part of the said agreement, and does not now offer to perform them, or shew that he is willing or able to do so.
The court is further of opinion, that if the said agreements could properly be considered as executed, and as passing a legal title to Banks, as that title is fox-feited at law, a court of equity ought not to relieve against such forfeiture, upon the mere payment of the arrears of rent, but only on condition that Banks should perform all the stipulations in the said contract on his part to be performed, and especially pay so much of the sum of g 12,000, as has not been applied to making improvements on said *412 lan^s> be now applied to that purpose; in order that Harvie’s representatives, might have an effectual security for the punctual payment of the rents, according to the intent of the said contracts. This he has not shewn his willingness or ability to perform, otherwise than by the application of the alleged value of certain lands, said to be forfeited for the non-payment of taxes by Harvie, and for which value, his representatives are also alleged to be chargeable. As to which, the court is further of opinion, that if any of the lands in the proceedings mentioned, and charged by the appellee, to have been forfeited and sold for the non-payment of taxes, have been so forfeited and lost, which does not appear, the said Harvie was in no way responsible therefor; but that the appellee was himself bound to see to the payment of the taxes, he having a complete equitable title thereto, the legal title remaining in Harvie, with his assent as a security. So far from being entitled to apply the value of this land as a fulfilment of the contracts aforesaid, by the appellee, even this collateral security for that fulfilment, and for other responsibilities mentioned in the proceedings, may he lost» The decree of the chancelloi’, therefore, so far as it conflicts with the principles above declared, is erroneous, and reversed with costs. The bill of the plaintiff, so far as it asks a specific performance of the contracts aforesaid, or relief against the forfeiture thereof, and the judgment at law is dismissed, and the cause is remanded for further proceedings to be had in relation to any other matter’s alleged in the bilk